# SUPREME JUDICIAL COURT,

IN THE

## COUNTY OF CUMBERLAND,

ARGUED APRIL TERM, 1846.

*Mem.* — A part of the cases argued in 1846, and decided in 1847, were published in the last volume.

### DANIEL WINSLOW *versus* THE BANK OF CUMBERLAND.

Where the writ sets forth an *undertaking on the part of the defendant and a promise to perform it, with an averment of carelessness and neglect by him to fulfil it;* and the defendant pleads, that he never promised, and this issue is joined by the plaintiff; and thereupon a trial takes place, and a verdict is returned for the defendant — the verdict will not be set aside, on the plaintiff's motion, for this cause, and a new trial granted.

THE defendants were summoned to answer unto the plaintiff "in a plea of trespass on the case," for that the plaintiff left a note for collection with the defendants, and that they "promised and undertook to collect the same for the use of the plaintiff," and that they "carelessly and negligently omitted and refused" to make a demand upon the maker and give notice to the indorser of the note, "by reason of which carelessness and negligence of the defendants the said indorser has been entirely released and discharged from all obligation and liability to pay said note, and utterly refuses to pay the same."

The defendants pleaded the general issue, that they never promised, and this issue was joined. The jury returned a verdict for the defendants ; and thereupon the plaintiff filed a motion " to set aside the verdict in this case, entered upon the docket as rendered therein, because, he says, no issue was joined therein before the case was committed to the jury — and because, he says, there has been a mis-trial therein."

The case was submitted without argument.

*Codman & Fox* and *Neal*, for the plaintiff.

*Haines*, for the defendants.

The opinion of the Court was drawn up by

TENNEY J. — The defendants were called upon to answer to the plaintiff in a plea of trespass on the case. The writ sets out an undertaking on the part of the defendants, and a promise to perform it, followed by an averment of a neglect to fulfil the same. The defendants pleaded, that they never promised, which was joined by the plaintiff; and upon this issue, a trial being had, a verdict was returned for the defendants. The plaintiff filed a motion, that the verdict be set aside, because no issue was joined in the case before the same was committed to the jury, and because, he says, there has been a mis-trial therein.

By Rev. Stat. c. 115, § 9, "No summons, writ, declaration, plea, process, judgment, or other proceedings in courts of justice shall be abated, arrested or reversed for any kind of circumstantial errors or mistakes, when the person and case may be rightly understood by the Court, nor for want of form only and which by law might have been amended." As the object of a new trial is to attain the real justice of the case, and for this purpose it depends upon the legal discretion of the Court, guided by the circumstances of each particular case, whether one shall be granted or not, it follows, that though there is a slip in the pleadings, if the merits of the case are with it, and essential justice has been done, a new trial will not be granted. Story's Pleadings, 72.

If the plea tendered by the defendants had not been in the proper form, advantage could have been taken for that reason, before joining the issue. By adding the *similiter*, the objection may be considered as waived. The plaintiff has had all the benefit under this issue, which he could have had under any other, that would have been unobjectionable in its form; and he is precluded from availing himself of the supposed error which has been productive of no injury to him. If the plea *is* not in proper form, it may be amended.

*Motion overruled.*